[Sac. No. 832.    Department One.—December 29, 1900.]

## BANK OF VISALIA, Appellant, v. WILLIAM M. CURTIS, Administrator, etc., Respondent.

APPEAL FROM PART OF JUDGMENT NOT INCLUDED—MATTER STRICKEN FROM COMPLAINT—DISMISSAL.—An appeal purporting to be taken from a portion of a judgment refusing to grant certain relief, which refusal is not in terms included in the judgment, and appears from an order striking out an averment from the complaint, the matter of which thereafter formed no part of the record, the cause having been tried upon the issues presented by the remaining averments of the complaint, is not properly taken, and must be dismissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of Tulare County.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, for Appellant.

Bradley & Farnsworth, for Respondent.

HARRISON, J.—Motion to dismiss the appeal. Judgment was rendered in this action in favor of the plaintiff for a specified amount of money, and declaring the same to be a lien upon certain lands and also upon a certain water ditch. Thereafter the plaintiff served and filed a notice of appeal "from all that portion of the judgment whereby the court refused to or-

der, adjudge, and decree that five shares of the capital stock of the Wutchumna Water Company were mortgaged by the terms of the mortgage set out in paragraph VI of the complaint." The respondent now moves to dismiss the appeal upon the ground that it is not taken from the judgment or from any part thereof.

The action is for the foreclosure of a mortgage, and the judgment follows the terms of paragraph VI of the complaint. The judgment does not in terms "refuse" to decree that the shares of stock referred to in the notice of appeal were mortgaged by the terms of the mortgage set forth in the complaint, but is silent upon that subject, and it does not appear in any part of the record that such shares of stock were mortgaged. The complaint, as originally presented, after setting forth the mortgage in haec verba, contained an averment that the defendant was the owner of five shares of the capital stock of the said water company, and that said five shares "was intended to be and was in fact included in the said mortgage, and was thereby mortgaged" as security for the promissory note. Upon the motion of the defendant the court ordered that this averment be struck out of the complaint and it thereafter formed no part of the record, and the cause was tried upon the remaining averments of the complaint. The court does not find that the stock was included in the mortgage, nor does it appear that any evidence was offered at the trial tending to show that fact. The plaintiff could have had the action of the court in striking out this averment reviewed through a motion for a new trial, but he is not entitled to appeal from a judgment rendered upon findings which cover all the issues in the action, upon the ground that the court has refused to render judgment upon issues which were not presented to it or tried. There is no authority for an appeal from the refusal of a court to render judgment upon matters which are supported by neither averment nor evidence.

The motion is granted and the appeal is dismissed.

Van Dyke, J., and Garoutte, J., concurred.